## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JOANN THOMPSON,<br>    Plaintiff, | Case No. 1:12-cv-785 |
| | Spiegel, J. |
| vs | Bowman, M.J. |
| WOOD EDGE POINTE, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff initiated this *pro se* action on October 11, 2012, when she filed a motion for leave to proceed *in forma pauperis* in connection with a civil complaint. (*See* Doc. 1). On October 18, 2012, the Court issued a Deficiency Order requiring plaintiff to complete and sign the complaint and return the complaint to the Clerk of Court within thirty (30) days. (Doc. 2).

It appears from the Court's docket record that plaintiff did not receive the Order that was sent by certified mail to the address she had provided, which apparently is the address for the Cincinnati Homeless Coalition. (*See* Doc. 1, p. 3). However, it also appears from the record that on November 5, 2012, plaintiff visited the Clerk's office and was notified then of the Deficiency Order; at that time, she was also provided with copies of the Deficiency Order and "all documents filed as Motion to proceed IFP." Although plaintiff received the Deficiency Order and a copy of the complaint to complete and sign over thirty days ago, to date, she has not complied with the Deficiency Order by filing a signed complaint containing a request for relief. (*See* Doc. 2).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants

invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, dismissal is appropriate.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOANN THOMPSON,　　　　　　　　　　Case No. 1:12-cv-785
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Spiegel, J.
　　　vs　　　　　　　　　　　　　　　　Bowman, M.J.

WOOD EDGE POINTE, et al.,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc